UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EDWARD J. SCHAUMBURG** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-9839** |
| | * | |
| **STATE FARM MUTUAL AUTOMOBILE** | * | |
| **INSURANCE COMPANY, ET AL** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire & Casualty Company, and State Farm General Insurance Company (Rec. Doc. No. 23). For the following reasons, the motion is GRANTED.

**I.    BACKGROUND**

This case arises out of the early termination of an appointment for employment as an insurance agent. The Plaintiff Edward J. Schaumburg filed this complaint on December 31, 2007. The Plaintiff alleges that he was an agent for the Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire & Casualty Company, and State Farm General Insurance Company (hereinafter "State Farm"). The Plaintiff entered into a written agent's agreement ("Agent's Agreement") to market State Farm's insurance products in December, 1981. The Plaintiff worked out of an office in Chalmette, Louisiana until 2005 when the area was destroyed in Hurricane Katrina. As a result of Hurricane Katrina, the Plaintiff temporarily set up an office in Metairie, Louisiana following the storm. The Plaintiff then requested to work out of another office in Belle Chasse, Louisiana, while maintaining the same clients. The Plaintiff alleges that State Farm offered him an office in Belle

Chasse, but stated that the Plaintiff would have to execute a new agent contract, and would not be able to maintain his existing client book. Plaintiff further complains that the only options provided him by the Defendants were to sign the new contract, accepting lesser pay and losing retirement benefits, or retire.

After Hurricane Katrina, State Farm offered its agents an additional retirement option pursuant to the Early Notification Program ("ENP"). Under this option, termination payments would be calculated based on the amounts that would be payable under commissions prior to the Hurricane. The Plaintiff signed up for the ENP program in December, 2005. The Plaintiff signed an agreement to retire December 31, 2006. Plaintiff claims that State Farm intentionally misrepresented the Plaintiff's options regarding relocation or retirement. The Plaintiff further alleges that this termination was at least three years short of his earliest expected retirement age of sixty-five (65), in breach of his Agent's Agreement, and resulted in the loss of revenue as well as retirement benefits. The Plaintiff alleges breach of contract, fraud and tortious interference with Plaintiff's contracts with existing clients and the Plaintiff's ability to contract.

The Defendants have denied liability and state that Plaintiff was an independent contractor for State Farm. The Defendants claim that the Plaintiff's retirement was voluntary. The Defendants deny liability and assert that State Farm acted in good faith. The Defendants' defenses include: the Plaintiff failed to mitigate damages, Plaintiff's claims are extinguished by payment, Louisiana does not recognize a tortious interference with contract cause of action against a corporate entity defendant, and the claims are barred by prescription.

## II.     THE MOTIONS

Defendants, the State Farm entities, now move the Court for summary judgment finding that there is no breach of contract because the Agent's Agreement does not prohibit the

conduct alleged in the Plaintiff's complaint. State Farm indicates that the Agent's Agreement is silent as to the relocation procedure; thus, no contractual policy regarding the relocation procedure has been breached. Further, State Farm contends that the Plaintiff's claim does not fall within the narrowly defined cause of action available for tortious interference with contract under Louisiana law. Additionally, State Farm argues that the Plaintiff's fraud claims cannot succeed because there is no evidence that the alleged misrepresentation was made with the intent to defraud.

In response, the Plaintiff asserts that State Farm's Agency Field Executive, Theresa Hollander, informed him that he could either retire before December 31, 2005 or sign a new contract to work in Belle Chasse and that he could not bring his book of business with him. If the Plaintiff could have moved his office to Belle Chasse under the Agent's Agreement without State Farm's permission, then State Farm breached its contract by forcing the Plaintiff to modify his contract. Plaintiff also asserts that State Farm breached its duty of good faith and fair dealing because State Farm changed the rule that would have allowed the Plaintiff to relocate to Belle Chasse without signing a new contract. At a minimum, a genuine issue of material fact exists as to State Farm's adherence to its duty. The Plaintiff asserts that State Farm breached its duty to provide correct information to the Plaintiff, resulting in damages to the Plaintiff. In regard to tortious interference with a contract, the Plaintiff concedes that the facts and law do not allow recovery.

In a reply memorandum, State Farm asserts that the Plaintiff's breach of contract and breach of the duty of good faith and fair dealing claims are unavailing because the contract allows either party to terminate the contract at will, and the Plaintiff's decision to retire was made in the course of the termination of the Agent's Agreement. State Farm argues that the

Plaintiff voluntarily retired even though the Plaintiff was given the opportunity to continue to work in his new office in Metairie or return to Chalmette without signing a new contract and forfeiting his existing client book. Additionally, State Farm asserts that it did not engage in misrepresentation or fraud because the information provided to the Plaintiff regarding relocation or retirement was correct *at the time* it was supplied to him. The Defendants' decision to permit relocation without a new contract arose *after* the Plaintiff retired. Therefore, the information the Plaintiff received was accurate at the time he made his decision to retire. State Farm asserts that no issues of fact remain because, even assuming Plaintiff's factual allegations to be true, State Farm's purported actions did not breach the Agent's Agreement.

III.      LAW & ANALYSIS

      A. Standard of Review

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

      **B. Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing**

Louisiana Civil Code Article 2046 provides a general rule of contract construction: "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." A contract's words are interpreted using the "general prevailing meaning," and when words may have more than one meaning, the meaning that best comports with the contract's purpose applies. La. Civ.Code arts.2047 & 2048. Moreover, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ.Code art.2050. If the meaning of a provision is in doubt or is not easily ascertainable, the court looks to the contract's nature, equity, usages and the parties' conduct before and after the contract's formation. La. Civ.Code art.2053.

Absent a specific contract or agreement establishing a fixed term of employment, an "at-will" employee is free to quit at any time without liability to his or her employer and, likewise, may be terminated by the employer at any time, provided the termination does not violate any statutory or constitutional provision. *Clark v. Acco Systems, Inc.*, 899 So.2d 783 (La. App. 2 Cir. 2005) (citing La. Civ. Code art. 2747). If the employment contract is an at-will agreement, an employee's termination need not be accurate, fair, or reasonable, and there does not have to be any reason at all for termination. *Id*. (citations omitted).

However, contracts must be performed in good faith. La. Civ. Code art.1983. An obligor in good faith is liable for the damages that were foreseeable at the time the contract was made. La. Civ. Code art.1996. An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform. La. Civ. Code art.1997. In an employment contract, the obligation of good faith and fair dealing is breached where an agreement is violated "with a dishonest or morally questionable motive." *Barbe v. A.A. Harmon*

*& Co.*, 705 So.2d 1210, 1220 (La.App. 4 Cir. 1998).

In the instant case, the State Farm Agent's Agreement states,

> "A. This Agreement will terminate upon your death. You or State Farm have the right to terminate this Agreement by written notice delivered to the other or mailed to the other's last known address. The date of termination shall be the date specified in the notice, but in the event no date is specified, the date of termination shall be the date of delivery if the notice is mailed: Either party can accelerate the date of termination specified by the other by giving written notice of termination in accordance with this paragraph.
>
> B. In the event we terminate this Agreement, you are entitled upon request to a review in accordance with the termination review procedures approved by the Board of Directors of the Companies, as amended from time to time."[1]

The parties agree that the termination-notice and termination-review provisions in the contract indicate that State Farm or Schaumburg could terminate the Agent's Agreement at any time upon written notice. The only condition that must be met to terminate the Agent's Agreement pursuant to the contract is that written notice must be delivered to the other party. The right to request a review in accord with the termination review procedures does not modify the conditions necessary to terminate the contract. Under the terms of the Agent's Agreement, either party had the right to end the contract, with or without cause. Accordingly, the Court finds that the termination provisions created an at-will contractual relationship. To the extent Plaintiff's assertions amount to a claim for the early termination of his employment, as he argues that his early retirement was not voluntary, recovery for breach of contract is not available.

Further, assuming the Plaintiff's factual allegations to be true, the Court does not find that the Defendants have breached any terms of the contract. The Plaintiff asserts that the Defendants misinformed Plaintiff of his rights under the contract, and that he was prevented

---

[1] *See* Rec. Doc. No. 23-8.

from exercising his right to relocate because of this deception. However, the contract does not address this issue. Although a contract may be worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. La. Civ. Code. art.2051. In other words, "'[c]laimed' rights which are not expressly contained within the written language of the contract simply do not exist and have no effect." *Petroleo Brasileiro, S.A. Petrobas v. Sea Drilling Corp.*, 1987 WL 28132 (E.D. La. Dec. 16, 1987) (citations omitted).

Section IE of the Agent's Agreement states,

> "We anticipate that in the location or relocation of your office you will not unduly infringe on the established office of any other agent. You agree that you will not establish any office in addition to your principal office without the prior approval of the Companies."[2]

This provision does not require that State Farm allow its agents to relocate with their book of business, nor does it prohibit the agent from relocating with or without their book of business.

Section VI of the Agent's Agreement states,

> "E. This agreement constitutes the sole and entire Agreement between the parties hereto, and no change, alteration, or modification of the terms of this Agreement may be made except by agreements in writing signed by an authorized representative of the Companies and accepted by you."[3]

For support of his claim that Defendants have violated the contract by breaching the duty of good faith and fair dealing, Plaintiff cites *Barbe v. A.A. Harmon & Co.*, 705 So.2d 1210 (La. App. 4 Cir. 1998). In *Barbe*, a former employee-shareholder brought an action for breach of employment contract against its employer. The court looked to the terms of the contract and parol evidence to determine that the parties to the contract intended to use a specific method to

---

[2] *See* Rec. Doc. No. 23-8.

[3] *See* Rec. Doc. No. 23-8.

determine year-end bonuses. When the jury found that the defendant deviated from that contracted-for procedure, it awarded the plaintiff damages for breach of contract. On an appeal from judgments in favor of the plaintiff, the Fourth Circuit Court of Appeal of Louisiana affirmed the award of damages for the failure to pay the bonus that plaintiff earned pursuant to the contract. In the instant case, the contract did not provide the Plaintiff the right to relocate while maintaining his existing contract and client book. Thus, as the Plaintiff did not have the right, the Defendants did not violate the contract by informing him that he could not keep his existing contract and client book, assuming the Plaintiff's allegations are true. Plaintiff has not alleged that his termination payments are incorrect. Thus, unlike the defendants in *Barbe*, the Defendants in the instant case have not violated the terms of the contract because there was no relocation procedure to which the parties had contracted. Further, even assuming the contract provided the Plaintiff with the rights claimed, the Plaintiff has not set forth competent summary judgment evidence raising genuine issues of material fact as to whether the Defendants' actions were prompted by a dishonest purpose or ill will.

Nowhere in the contract is there any indication that a new contract and a forfeiture of business is warranted, or that the Plaintiff had the right to maintain his existing contract and business. In fact, an assertion that the Plaintiff had the right to maintain his existing contract is in conflict with this Court's finding that Schaumburg and State Farm entered an at-will contractual relationship. As the Plaintiff's employment was terminable at the will of either party, there can be no action for breach of contract in the termination of Plaintiff's employment. *See Brannan v. Wyeth Labs*., 526 So.2d 1101, 1104 (La.1988). As the Plaintiff does not identify any terms of the contract violated by State Farm's purported action, Plaintiff's claim for damages arising from breach of contract and breach of the duty of good faith must be dismissed.

## C. Fraud and Negligent Misrepresentation

"Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. Civ.Code art.1953. For a plaintiff to successfully prove a fraud claim, he or she must establish (i) an intent to defraud, and (ii) actual or potential loss or damages. *St. Paul Mercury*, 224 F.3d at 438 (citing *Williamson v. Haynes Best Western*, 95-1725 (La.App. 4 Cir. 1/29/97) 688 So.2d 1201, 1239). "Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence." La. Civ.Code. art.1957. Thus, "highly suspicious facts and circumstances surrounding a transaction may be considered in determining whether a fraud has been committed." *Williamson*, 688 So.2d at 1239 (internal citation omitted).

Louisiana recognizes a claim for negligent misrepresentation based on La. Civ. Code, art.2315. In order to recover for negligent misrepresentation, a litigant must establish: 1) a legal duty on the part of the defendants to supply correct information to the plaintiff; 2) a breach of this duty; and 3) damages to plaintiff as a result. *Cypress Oilfield Contractors v. McGoldrick Oil Co., Inc.*, 525 So.2d 1157 (La.App. 3 Cir.), writ denied, 530 So.2d 570 (La.1988); *Barrie v. V.P. Exterminators, Inc*., 625 So.2d 1007, 1013-14 (La.1993).

The Plaintiff asserts he was supplied incorrect information. However, as noted above, the contract is silent as to whether the Plaintiff had the right to maintain his existing clients upon relocating to a new office. There is no evidence that the Plaintiff was provided with incorrect information. Although State Farm later instituted procedures for the relocation of agents without a new client book or contract, there is no evidence that the information that Plaintiff received was incorrect at the time that it was provided. Accordingly, the Court finds that

Schaumburg has failed to provide evidence sufficient to raise a genuine issue of material fact and to preclude summary judgment. Thus, Plaintiff's claim against State Farm for misrepresentation and fraud arising from Hollander's purported statements must fail.

### C. Tortious Interference with Contract

The Plaintiff concedes that recovery for tortious interference with contract is not available based on the facts and law at issue in the instant case. As the Court finds that State Farm's motion on this issue is grounded in law and fact, the Court dismisses Plaintiff's claim for tortious interference with contract.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Summary Judgment filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire & Casualty Company, and State Farm General Insurance Company (Rec. Doc. No. 23) be and is hereby GRANTED and the Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. An appropriate judgment will follow..

New Orleans, Louisiana this 8th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE